## Wells *vs.* Mann.

A simple request from one person to another, to do an act from which the former can derive no sort of benefit, made under an entire misapprehension of his rights, does not constitute a lawful contract which is obligatory upon him.

Where the defense of a suit brought against A. upon a promissory note, is of no benefit to B., he not being liable therein, a request from B. to A. to go on and defend the suit, if it can be considered a contract, is an independent promise on the part of B. to answer for the debt of another, which he is not otherwise liable to pay; and if not in writing, is void, within the statute of frauds.

EXCEPTIONS ordered to be heard in the first instance at the general term. The action was tried at the Schoharie circuit, before Justice Ingalls and a jury. It appeared upon the trial that in addition to another demand of the plaintiff, not material to be stated, on the 1st day of April, 1854, one Henry Vrooman, Jr. made his note to the defendant for $300, payable one year after date. The defendant, the same day, signed the note as *maker*, and transferred it to one Chase in payment for a farm. Chase, about two months after, transferred it to the plaintiff for money loaned. Before the note was due, the plaintiff transferred it to one Jacob Cameron for money lent, and to give credit to the note signed his name and added the word "surety," but the defendant had no knowledge of this transaction. Cameron transferred it to Chauncey Watson, who, on the 21st day of October, 1857, brought suit thereon against the plaintiff. About that time the plaintiff and the defendant had a conversation, when the defendant told the plaintiff he had notified Cameron, in May or June, 1855, when he held the note, to collect it of Vrooman, the original maker, while Vrooman was solvent, and that he subsequently became insolvent and brought Marselus, the witness who gave the notice, to the plaintiff for his statement. The plaintiff inquired of the defendant whether he should

defend the action, saying he would pay up and save costs unless the defendant desired him to defend. According to Marselus' testimony, and the defendant's, Mann said he was not a judge of law, and that Wells might do as he pleased and as he thought best about defending the suit. The plaintiff, however, testified that the defendant finally told him to go on and defend it. The plaintiff did defend that action, setting up the defense Watson claimed there was to the note. There was some evidence to show that Mann had notified Cameron to go on and collect the note, a long time previous, which had not been done. That action was tried, and Watson recovered a verdict for $300 and interest from July, 1854, up to the time of the trial, deducting $15, and $5.88 payments, the verdict being $20.28 less than the face of the note and interest up to the trial. The plaintiff paid the amount of the recovery May 1, 1861, amounting to $512.32, and on the 21st of December, 1861, commenced this action. The plaintiff's counsel asked the court to submit to the jury the question as to whether the action of Watson was defended by the present plaintiff by direction of the defendant, which was refused, and the plaintiff excepted.

The court on this claim directed a verdict for the defendant.

*H. Smith,* for the plaintiff.

*L. Tremain,* for the defendant.

*By the Court,* MILLER, J. When this case was heard before the general term, upon appeal, on a former occasion, it was held that the plaintiff never was the surety of the defendant, on the note in question. It is claimed, however, upon this occasion, that the Court of Appeals has decided aversely to this view, and therefore that the decision of the general term is not binding. I discover

no authority which thus holds; and we must therefore assume the law to be as laid down by the court, upon this branch of the case.

The learned judge who wrote the opinion also held that even if the plaintiff was right in his theory that the defendant was discharged from liability by the neglect of Cameron to prosecute the note when the appellant's principal, Vrooman, was solvent, unless such liability was revived at the interview between the parties related by the witness Marselus, and arrived at the conclusion that there was nothing in that testimony which was calculated to resuscitate the liability of Mann, and that the conclusion of the judge that the suit brought by Watson was defended by Wells by the direction and request of Mann, was not warranted by the facts. Upon the last trial there was some additional evidence upon that subject; but I am inclined to think that it was not enough to establish a valid and binding obligation which created a liability that did not previously exist. The evidence does not establish any positive agreement to indemnify the plaintiff for defending that suit. According to the plaintiff's own statement of the conversation upon the subject, it was a mere request made under a mistake of Mann as to his liability, if not of both of the parties. If Wells supposed Mann was liable he was entirely wrong, and Mann expressly stated, at the time, that he did understand then that he would leave it with him to do as he thought best; and after being further pressed by Wells, as Wells testifies in opposition to the evidence of Mann and Marselus, Mann told him to go on and defend it. Taking Wells' version of the conversation, differing as it does from Mann and Marselus, I am inclined to think that there is no such material variation between the facts proved upon this and the former trial as would authorize the court to grant a new trial. I have also serious doubts whether a simple request like the one proved, made under an entire misap-

prehension of the rights of the party, to do an act from which, it seems to me, he could derive no sort of benefit, constitutes a lawful contract which is obligatory upon him. The suit was against the plaintiff, and I am not able to discover how Mann's liability could in any way be affected by the result of it. As Mann was not at all liable, and hence could derive no advantage from the defense interposed by Wells, I think this is not a case where there is such a relationship between the parties as would confer a benefit for the reason that the defense was conducted in part for his advantage, within the principle of the cases to which we have been referred by the plaintiff's counsel. The defense being of no benefit to Mann, I incline to think that the request alleged to have been made, if it can be considered as a contract, was an independent promise on the part of Mann to answer for the debt of another, which he was not otherwise liable to pay, and not being in writing, was within the statute of frauds.

If the views which I have expressed are correct, it follows that the judge was right in refusing to submit to the jury the question whether the action brought by Watson was defended by the plaintiff by the direction and at the request of the defendant.

The case having been tried in accordance with the decision and the opinion of the court, it is not necessary to discuss some other questions raised; and a new trial must be denied, with costs.

[ALBANY GENERAL TERM, September 16, 1867. *Miller, Ingalls* and *Hogeboom,* Justices.]